IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERRY BRADLEY, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:11-CV-3242-TWT-CCH |
| : | |
| FEDERAL NATIONAL : | |
| MORTGAGE ASSOCIATION, : | |
| : | |
| Defendant. : | |

# **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and

recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 28th day of September, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TERRY BRADLEY, | : | CIVIL ACTION NO. |
| | : | 1:11-CV-3242-TWT-CCH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : | |
| | : | |
| | : | **FINAL REPORT AND** |
| Defendant. | : | **RECOMMENDATION** |

Petitioner Terry Bradley ("Petitioner"), acting *pro se*, seeks leave to remove this civil action from the Magistrate Court of DeKalb County to this Court and seeks to do so *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). *See* Application to Proceed in District Court without Prepaying Fees or Costs [1]. The Court **GRANTS** the Application to Proceed in District Court without Prepaying Fees or Costs [1] solely for the limited purpose of determining whether this action has been properly removed to this Court.

Although Petitioner Terry Bradley has purported to file a Complaint in this Court naming himself as the "Plaintiff" in this action, he has attached a Notice of Removal and Federal Stay of Eviction Pursuant to 28 USCA 1446(D) ("Notice of Removal") indicating that he is attempting to remove an action brought by Federal

National Mortgage Association ("FNMA") in the Magistrate Court of DeKalb County. Pursuant to 28 U.S.C. § 1446(c)(4), this Court must remand any action which has been improperly removed:

> The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4).

The Court, therefore, must examine the Notice of Removal to determine whether this action has been properly removed to this Court. In order for removal to be proper, the Petitioner must demonstrate that the action he seeks to remove is based on diversity jurisdiction, or that the action as pled by the plaintiff in state court contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a), (b), 1331(a), 1332. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The Court first notes that the original action in the Magistrate Court of DeKalb County is a Dispossessory Action filed by Plaintiff FNMA against Rosena P. Bradley "And All Others" at the address of 2487 Elkhorn Dr., Decatur, Georgia 30034. *See* Dispossessory Warrant, attached to Notice of Removal. The Notice of Removal indicates that Petitioner Terry Bradley resides at 2487 Elkhorn Dr., Decatur, Georgia 30034. *See* Notice of Removal at 2. Petitioner has attached to the Notice of Removal a copy of the Death Certificate of Rosena P. Bradley indicating a date of death of May 13, 2008, and also indicating that Terry Bradley is her son. *See* Certificate of Record, attached to Notice of Removal. Petitioner has further attached a copy of the Letters Testamentary indicating that he is the Executor of Rosena P. Bradley's estate. *See* Letters Testamentary, attached to Notice of Removal. Accordingly, the Court will assume for the purpose of this discussion that Petitioner Terry Bradley has standing as the Executor of the Estate of Rosena P. Bradley to act as the named defendant in the underlying Dispossessory Action filed against Rosena P. Bradley "And All Others" residing at 2487 Elkhorn Dr., Decatur, Georgia 30034.

In any event, assuming that Petitioner has standing to remove the Dispossessory Action, the Court finds that Petitioner has failed to establish that this Court has subject matter jurisdiction over the action. Under 28 U.S.C. § 1441(b), diversity is not a

3

ground for removal if the defendant is a citizen of the state in which the action is brought. Petitioner states that his residence is in Decatur, Georgia, and he does not allege that he is a citizen of another state. Thus, he cannot remove this case on the basis of diversity jurisdiction.

Removal is also improper because Petitioner has not shown that FNMA has brought any claim in state court arising under the Constitution, treaties, or laws of the United States. Under 28 U.S.C. § 1441(b), a state court action may be removed without regard to citizenship when one or more of the underlying claims asserted by the plaintiff "arise[s] under the Constitution, treaties or laws of the United States." The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Finance Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

In this case, the documents attached to the Notice of Removal indicate that the Plaintiff's complaint filed in the Magistrate Court of DeKalb County was merely a

dispossessory action filed after a foreclosure sale of the property in question occurred. *See* Dispossessory Warrant, attached to Notice of Removal. An eviction is a process governed by state law that does not implicate any of the federal laws identified in the Notice of Removal. Thus, Plaintiff FNMA has not asserted a claim that would implicate federal question jurisdiction. To the extent that Petitioner is attempting to remove this action by stating defenses or counterclaims which invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Federal Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D.Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Finally, the Court notes that the relief sought by Petitioner is a stay of a state court dispossessory action. Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283,[1] this Court does not have jurisdiction over any action brought in state court and cannot

---

[1] The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

5

enjoin a state court action for eviction. The Anti-Injunction Act is "an absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). None of those exceptions applies in this case. This prohibition against injunctions applies whether the movant seeks to enjoin the parties to the action or the state court itself. *See, e.g.*, *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 134 F.3d 133, 144 (3d Cir.1998). In the instant action, Petitioner seeks to enjoin Plaintiff from proceeding with an eviction action already filed in state court or to enjoin the state court from enforcing any judgment entered in that proceeding. This Court is "absolutely prohibited" by the Anti-Injunction Act from granting such relief.

Accordingly, while the Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED** this 28th day of September, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE